**Agrim DELIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2579–ag.**

United States Court of Appeals, Second Circuit.

May 29, 2007.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Anne M. Hayes, Assistant United States Attorney (George E.B. Holding, United States Attorney, and Christine Witcover Dean, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of North Carolina, Raleigh, NC, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, RICHARD W. GOLDBERG *, Judge.

### SUMMARY ORDER

Petitioner seeks review of an order of the BIA affirming an order of Immigration Judge ("IJ") William F. Jankun that denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered him removed to Albania. *In re Deliu,* No. A 79 659 606 (B.I.A. May 8, 2006), *aff'g* No. A 79 659 696 (Immig. Ct. N.Y. City Oct. 1, 2004). Where, as here, the BIA does not adopt the IJ's decision to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We assume the parties' familiarity with the facts and procedural history of the case.

Upon careful review of the record and the parties' submissions to this Court, we cannot say that *any* reasonable adjudicator

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

would be *compelled* to disagree with the BIA's conclusions that petitioner's well-founded fear of persecution was rebutted by fundamental changes in Albania, that petitioner lacks compelling reasons to remain in the United States regardless, and that petitioner is not subject to a reasonable possibility of suffering other serious harm in Albania. *See* 8 U.S.C. § 1252(b)(4)(B). Petitioner's claim that the BIA engaged in improper fact-finding is without merit. *See Belortaja v. Gonzales,* 484 F.3d 619, 624 (2d Cir.2007) (holding that 8 C.F.R. 1003.1(d)(3)(iv) merely prohibits the BIA from taking new evidence into the record). Finally, petitioner provides no rationale for his conclusory statement that the BIA exceeded its "broad discretion" in not considering evidence presented to it for the first time on appeal. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005).

We have considered all of petitioner's arguments and find them to be without merit. The petition for review is DENIED.